**Ex parte Charles Edgar ENGLUTT.**

**No. B–9655.**

Supreme Court of Texas.

Oct. 8, 1980.

Frank D. Moore, Irving, for relator.

Terry & Turner, William C. Terry, Bonham, for respondent.

CAMPBELL, Justice.

This is a habeas corpus proceeding. Relator, Charles Edgar Englutt, was found, by the Collin County District Court, to be in contempt of that court for failure to pay child support. The contempt order provided:

> IT IS ORDERED that Respondent, Charles Edgar Englutt, is in contempt of this Court, and that punishment be, and is hereby assessed at a fine of $100.00 and confinement in the County Jail of Collin County, Texas, for a period of 24 hours, or until he purges himself of contempt in that he has:
>
> 1. Paid the sum of $9,280.00 to Movant through the Collin County Child Support Office as child support arrearage.
>
> 2. Paid the sum of $56.00 to the District Clerk, Collin County, Texas, as costs of this proceeding; and,
>
> 3. Paid the sum of $300.00 to Bill Terry, attorney for Movant, as costs of this proceeding.

Pursuant to the Order, a commitment was directed to the sheriff of Collin County on the 19th day of June, 1980 and on that date relator was confined in the Collin County jail for more than 24 hours.

On July 24, relator paid the $100.00 fine and requested his release, which was denied. On August 1, relator filed this habeas corpus and this Court ordered him released on bond.

Relator argues that the punishment set by the Collin County Court was a $100.00 fine and 24 hours in jail *or* until he purged

himself of contempt by paying $9,280.00 in back child support, attorney's fees and court costs. He spent 24 hours in jail and paid the fine and, therefore, complied with the contempt order. We agree.

The contempt order specifically provides alternative methods by which relator may obtain his release. He complied with one of them and may not now be detained for failure to comply with both methods.

The relator is ordered discharged.